UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARYL SIMON,

                Petitioner,

– v. –

UNITED STATES OF AMERICA,

                Respondent.

**ORDER**

12 Civ. 5209 (ER)
07 Crim. 474 (SCR)

R̲A̲M̲O̲S̲, D.J.:

On August 19, 2020, Daryl Simon filed a *pro se* motion for compassionate release in response to the COVID-19 pandemic. Doc. 47.[1] On August 28, 2020, the Government opposed.[2] 07 Crim. 474 Doc. 54. For the reasons set forth below, Simon's motion for compassionate release is denied.

**I.    Background**

On May 11, 2006, Simon was arrested following an attempt to buy electronics at a Target store in West Nyack, New York with a fraudulent credit card. 07 Crim. 474 Doc. 32 at 1. When police approached him outside of the store, Simon was running a credit card writing program on his laptop and using a credit card encoding device as he sat inside his car. *Id.* He was also in possession of four physical credit cards and a data storage device containing 3,200 other credit card numbers. *Id.* at 1-2. Following his arrest, Simon admitted that he intended to make unauthorized purchases with the credit card numbers and resell them. *Id.* at 2. On November 15, 2016, Simon was released on bond.

---

[1] Citations are to documents filed on the civil docket unless otherwise noted.

[2] The Government does not contest that Simon has exhausted his administrative remedies. Doc. 47 at 4 & Exs. B-C; 07 Crim. 474 Doc. 54 at 1.

On September 25, 2007, Simon pleaded guilty to one count of access device fraud. *Id.* Shortly thereafter, in October 2007, Simon was charged with possession of stolen property after driving a motorcycle with a stolen license plate in the Bronx. *Id.* From October through December 2007, Simon missed scheduled appointments with his supervising pretrial services officer and the Court issued a warrant for his arrest. *Id.* at 2-3.

On January 3, 2008, Simon failed to appear for sentencing. *Id.* at 3-4. His sentencing was rescheduled for January 17, 2008 but, when he again failed to appear, he was declared a fugitive. *Id.* at 4. On March 25, 2008, a Grand Jury indicted Simon with failure to appear. *Id.*

On May 14, 2008, agents went to a basement apartment in the Bronx where they believed Simon resided and found evidence of an additional credit card scheme, including a credit card skimming and encoding device, a credit card embossing machine, high-resolution and thermal dye printers, a scanner, a box of white plastic used to make credit cards and identification cards, computers, hard drives, CDs, DVDs, cellphones, and a large sum of counterfeit United States currency.[3] *Id.* One of the computers contained 1,479 credit card numbers and corresponding personal information of the cardholders, as well as images of fake identification cards, credit card skimming devices, and guns. *Id*. at 5. Simon, however, was not in the apartment. *Id.* Simon was finally rearrested on October 1, 2008 when agents located him at a friend's apartment in Astoria, Queens. *Id.*

On January 13, 2010, Simon pleaded guilty to one count of failure to appear and another count of access device fraud. *Id.* at 5. On July 15, 2010, Judge Steven C. Robinson sentenced Simon to 285 months' incarceration, three years of post-release supervision, and payment of $243,164.66 in restitution.

---

[3] The agents also found a gun silencer, which Simon contests was actually a prop for his entertainment shows and was not charged. *Id.* at 4; Doc. 49 at 2-3.

Simon is incarcerated at Federal Correctional Institution Allenwood Low ("FCI Allenwood") and is set to be released on January 23, 2029.[4] According to BOP statistics, FCI Allenwood currently has no inmates or staff who have tested positive for COVID-19, no deaths from COVID-19 among inmates or staff, and has just one inmate and one staff member who have recovered from COVID-19.[5]

Simon now seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act.  Doc. 47; *U.S. v. Ebbers*, 432 F. Supp. 3d 421, 422-23 (S.D.N.Y. 2020). Simon, 48, asserts that he is at a heightened risk of serious illness or death if he contracts COVID-19 because he is immunocompromised and suffers from chronic obstructive asthma, chronic obstructive pulmonary disease ("COPD"), and other illnesses.  Doc. 47 at 3 & Ex. A.  He further argues that his living conditions in an overcrowded correctional facility exacerbate his risk.  *Id.* at 10-11.  Finally, he reasons that the non-violent nature of his offenses, his rehabilitative efforts since,[6] and his reentry prospects including family support[7] warrant a sentence reduction.  *Id.* at 12.  The Government does not contest that he is at an increased risk from COVID-19 infection,[8] but reasons that the circumstances of his offense, his criminal history

---

[4] *Find an Inmate*, Bureau of Prison ("BOP"), https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Sept. 28, 2020).

[5] *COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/ (last visited Sept. 28, 2020).

[6] Simon represents that he has taken 70 classes and maintained two jobs while incarcerated.  Docs. 47 at 12 & Exs. D-E; 49 at 6.  He also volunteers for the BOP Children's Day events, pays his restitution diligently, and has a list of BOP employees who would serve as character references.  *Id.*

[7] Simon cites plans to live with his longtime fiancé and their daughter, to help two of his daughters in school, and to become a social worker and entertainer.  Docs. 47 at 12 & Exs. F-G; 49 at 6-7.

[8] Curiously, the Government cites Simon's Body Mass Index of 37.9, which was not argued in his submission, and not any of the respiratory conditions he cited in reaching its conclusion.  *Id.* at 1; Doc. 47 at 19.

of fraudulent activity,[9] and the eight years remaining on his sentence counsel against compassionate release.  07 Crim. 474 Doc. 54.

**II.     Standard**

"[A] court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *U.S. v. Roberts*, No. 18 Crim. 528-5 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020) (citation omitted).  Under § 3582(c)(1)(A)(i), a court may reduce a prisoner's sentence when it finds that there are "extraordinary and compelling reasons" warranting a reduction.  District courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, --- F.3d ---, 2020 WL 5739712, at *7 (2d. Cir. Sept. 25, 2020) (finding compassionate release applications brought by incarcerated individuals following the First Step Act are not limited by the guidance in the U.S. Sentencing Guidelines § 1B1.13).

If the sentencing court finds that "extraordinary and compelling reasons" exist, it "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  Section 3553(a) provides that the Court should consider, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant."

---

[9] The Government notes that Simon was previously convicted of conspiracy to traffic in access device-making equipment, participating in a national credit card conspiracy, forgery, and using fraudulent credit cards. *Id*. at 2.

4

**III.     Discussion**

Simon's circumstances do not merit compassionate release under § 3582(c)(1)(A)(i). Assuming arguendo that Simon's medical conditions constitute extraordinary and compelling circumstances,[10] which the Government concedes, any reduction in Simon's sentence would be inconsistent with the factors enumerated in § 3553(a).  At the time of his arrest for attempting to buy electronics with a fraudulent credit card, Simon was in possession of 3,200 credit card numbers and other devices used in credit card scams.  Doc. 32 at 1-2.  Despite the scale of the offense, Simon was released on bond.  However, shortly after he pleaded to one count of access device fraud, he was arrested again for possessing stolen property, failed to comply with his bond conditions, and failed to appear for sentencing not once, but twice.  *Id.* at 2-4.  Simon remained a fugitive for almost a year, during which time agents tracked his whereabouts to an apartment in the Bronx where they found evidence of a second credit card scheme, including 1,479 additional credit card numbers and various devices for making fraudulent credit cards.  *Id.* at 4-5.  Simon's 285-month sentence, of which he has 100 months left to serve, is commensurate with his repeated engagement in fraud and evasion of the law.

The authorities upon which Simon relies are readily distinguishable.  Among other differences particular to some of the case including advanced age, and nearer release dates, none involve defendants who became fugitives during the course of their cases.  *See, e.g.*, *U.S. v. Sawicz*, No. 08 Crim. 287 (ARR), 2020 WL 1815851, at *1-3 (E.D.N.Y. Apr. 10, 2020) (granting compassionate release to defendant who would have been eligible for release to home

---

[10] The Centers for Disease Control and Prevention ("CDC") lists COPD and obesity as conditions contributing to an "increased risk of severe illness from COVID-19." *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (updated Sept. 11, 2020).  The CDC also states that persons with asthma and immune deficiencies "might be at an increased risk for severe illness from COVID-19." *Id.*

confinement as of August 2020 and for whom the Court stated it had "no reason to believe he would not" comply with conditions of release); *U.S. v. McCarthy*, No. 17 Crim. 230 (JCH), 2020 WL 1698732, at *2-6 (D. Conn. Apr. 8, 2020) (releasing 65-year-old with COPD who had only 26 days remaining on his sentence); *U.S. v. Zukerman*, No. 16 Crim. 194 (AT), 2020 WL 1659880, at *1-2 (S.D.N.Y. Apr. 3, 2020) (reducing the sentence of a 75-year-old defendant with diabetes, hypertension, and obesity despite significant time remaining on his sentence for tax fraud).

      Simon reasons that he is unlikely to reoffend because, based on his rehabilitative efforts, BOP has found that he is not "at high risk for recidivism." Doc. 49 at 3-4. Though the Court has no reason to doubt Simon's comprehensive rehabilitation, family support, and reentry prospects, and encourages Simon to continue building on his significant personal achievements, they neither alter nor outweigh the seriousness of his offenses and his extensive history of evading authorities. Docs. 47 at 12-13 & Exs. D-G; 49 at 5-7. *U.S. v. Reyes*, No. 91 Crim. 358-16 (KPF), 2020 WL 5518483, at *3-5 (S.D.N.Y. Sept. 14, 2020) (denying compassionate release to 60-year-old with hypertension and other preexisting conditions who had been a fugitive despite the Court being "heartened by [his] growth and accomplishments while incarcerated").

      Accordingly, the Court declines to reduce Simon's sentence.

### IV. Conclusion

For all of these reasons, Simon's motion is denied. The Clerk is respectfully directed to terminate the motion, Doc. 47.

Chambers will mail a copy of this Order to Daryl Simon, #28238-054, LSCI Allenwood, P.O. Box 1000, White Deer, P.A. 17887.

It is SO ORDERED.

Dated:  September 28, 2020
        New York, New York

                                      EDGARDO RAMOS, U.S.D.J.