UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARYL SIMON,

                Petitioner,

– v. –

UNITED STATES OF AMERICA,

                Respondent.

**ORDER**

12 Civ. 5209 (ER)
07 Crim. 474 (ER)

Ramos, D.J.:

      Daryl Simon is currently serving a 285-month sentence at FCI Allenwood Low for access device fraud and failure to appear. On September 28, 2020, this Court denied Simon's motion for compassionate release ("September Order"). Doc. 50. Now pending before this Court is Simon's motion for reconsideration of the Court's September Order. For the reasons set forth below, Simon's motion is denied.

**I.    Background[1]**

      In its September Order, the Court found that even assuming Simon's medical conditions constitute extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A), the nature of his offense does not warrant compassionate release. Doc. 50 at 5. The Court explained that, following his guilty plea to access device fraud, Simon, who was out on bond, was re-arrested for possession of stolen property, missed appointments with pretrial services, failed to appear for sentencing, and was a fugitive for over a year during which time law enforcement found evidence of his involvement in a second credit card scheme. *Id.* at 2. The Court thus

---

[1] The Court assumes the parties' familiarity with the facts and procedural posture of this action as described in the September Order. Doc. 50.

concluded that Simon's 285-month sentence is "commensurate with his repeated engagement in fraud and evasion of the law." *Id*. at 5.

Thirty-five days later, on November 2, 2020, Simon moved for reconsideration.[2] Doc. 52. In his motion, Simon contests that he disregarded the law, arguing that he failed to show up for his initial sentencing date because he had learned of his son's death the previous day and that his post-plea arrest for stolen property was eventually dismissed. *Id.* at 2. He also distinguishes one case upon which the Court relied in denying release, *U.S. v. Reyes*, No. 91 Crim. 358-16 (KPF), 2020 WL 5518483 (S.D.N.Y. Sept. 14, 2020), by arguing that Reyes had committed more serious offenses and had been a fugitive for a longer period of time. *Id.* at 3-4. Finally, he argues that evidence of the second credit card scheme was duplicative of the original fraud,[3] and challenges the level 6 enhancement of his sentence.[4] *Id.* at 2, 5.

## II.   Standard

Compassionate release is governed by § 3582(c)(1)(A)(i), which provides that a court may reduce a prisoner's sentence for "extraordinary and compelling reasons." In evaluating such motions, courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them[.]" *U.S. v. Brooker*, 976 F.3d 228, 237 (2d. Cir. 2020) (finding compassionate release is not limited by the U.S. Sentencing Guidelines § 1B1.13). If the sentencing court finds that "extraordinary and compelling reasons" exist to reduce a prisoner's sentence, it may then release the prisoner early only "after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]" § 3582(c)(1)(A). Section

---

[2] Simon represents that he received a copy of the September Order on October 13, 2020. *Id.* at 1.

[3] Simon admits that this argument was the subject of his previous 28 U.S.C. § 2255 motion, which this Court denied after a hearing. Docs. 12, 30.

[4] Though the Government was directed to respond to Simon's motion by November 30, 2020, it has yet to do so. Doc. 53.

3553(a) provides that the Court should consider, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant[.]"

Although Simon does not specify any rule under which he moves for reconsideration, courts in this District apply Local Criminal Rule 49.1(d) in this context. *See, e.g.*, *U.S. v. Spencer,* No. 04 Crim. 1156 (PAE), 2020 WL 3893610, at *3 (S.D.N.Y. July 10, 2020); *U.S. v. Lisi,* No. 15 Crim. 457 (KPF), 2020 WL 1331955, at *1 (S.D.N.Y. Mar. 23, 2020). Under Rule 49.1(d), a reconsideration motion must be filed within 14 days of the Court's decision on the original motion and explain "the matters or controlling decisions which counsel believes the Court has overlooked[.]"

The standards governing criminal reconsideration motions are "largely the same" as those governing civil reconsideration motions. *Lisi,* 2020 WL 1331955, at *2. Indeed, prior to the existence of Rule 49.1(d), courts in this District applied Local Civil Rule 6.3 to civil and criminal cases alike. *Id.* at 1 n.1 (citing *U.S. v. Carollo*, No. 10 Crim, 654 (HB), 2011 WL 5023241, at *2 (S.D.N.Y. Oct. 20, 2011)). As with civil cases,"[t]he decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Lisi,* 2020 WL 1331955, at *1 (quoting *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 n.6 (S.D.N.Y. 2011)). Reconsideration is "an extraordinary remedy" and "is not a vehicle for relitigating old issues, presenting the case under new theories or otherwise taking a second bite at the apple." *Lisi,* 2020 WL 1331955, at *2 (citations omitted). Reconsideration may be granted, however, when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Spencer,* 2020 WL 3893610, at *3.

**III.    Discussion**

As a preliminary matter, Simon's motion is untimely.  It was filed thirty-five days after the Court issued the September Order and twenty days after Simon received it, both of which are well outside of the 14-day window for filing criminal reconsideration motions.

Had Simon's motion been timely, however, it would still fail.  Simon relies on circumstances that he never presented in his original motion for compassionate release or on arguments the Court has previously rejected, neither of which can form the basis for a reconsideration motion.  Courts have consistently held that "[a] motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Murray v. Dutcavich*, No. 17 Civ. 9121 (PMH), 2020 WL 3318212, at *1 (S.D.N.Y. June 18, 2020) (citing *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp.2d 362, 365 (S.D.N.Y. 2009)).

And, even assuming Simon's new arguments were properly before this Court, none are persuasive.  The Court denied Simon's compassionate release application based primarily on him having been a fugitive for over a year, a circumstance that remains unchanged.  Simon learning of his son's death the day before his first sentencing date might have constituted good cause for his failure to appear at that time, but it does not excuse his subsequent failure to appear for the adjourned sentencing date or his appointments with pretrial services, or his disappearance from this Court for over a year.  In addition, even if Simon's arrest for stolen property ended in dismissal, and the second credit card scheme involved duplicative numbers, it does not negate that Simon was a fugitive.  Nor does it matter that Simon was only a fugitive for a year or that his crime was less serious than the petitioner in *Reyes*.  Any violation of a Court order, let alone several, by any petitioner, is serious.  In *U.S. v. Liebert*, the petitioner was denied compassionate

4

release from his 13-month sentence for violating the conditions of his supervised release because he had absconded three times during the course of his case, including most recently for only "[s]everal days" from his inpatient treatment program. No. 9 Crim. 192 (LAP), 2020 WL 3412906, at *1-2 (S.D.N.Y. June 22, 2020).

Finally, this Court already adjudicated a § 2255 motion by Simon challenging this sentence on the merits. Docs. 12, 30. To the extent Simon is now challenging an enhancement of the same sentence, he is required to seek permission from the Second Circuit for review of his successive § 2255 motion. *Jaber v. Michael*, No. 20 Civ. 8123 (LLS), 2020 WL 6997343, at *1 (S.D.N.Y. Oct. 8, 2020). In the interest of justice, this Court transfers Simon's successive § 2255 motion to the Second Circuit. *Id.* (citing 28 U.S.C. § 1631).

Accordingly, Simon's reconsideration motion is time-barred and otherwise meritless, and to the extent he is raising a successive § 2255 motion, his motion is transferred to the Second Circuit.

## IV. Conclusion

For all of these reasons, Simon's reconsideration motion is denied. The Clerk of Court is directed to transfer Simon's successive § 2255 motion to the Second Circuit.

It is SO ORDERED.

Dated:   January 25, 2021
        New York, New York

EDGARDO RAMOS, U.S.D.J.

5